```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  SAMUEL WONG
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California  95814
 4  Telephone: (916) 554-2772
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR. S-07-289 LKK |
| Plaintiff, | ORDER EXCLUDING TIME UNDER SPEEDY TRIAL ACT, AND SETTING FURTHER STATUS CONFERENCE DATE |
| v. | |
| JUAN CAMACHO, et al., | Court:  Hon. Lawrence K. Karlton |
| Defendants. | |

On October 21, 2008, the parties appeared before the Court for a status conference. Assistant United States Attorney Samuel Wong appeared on behalf of plaintiff United States of America. Assistant Federal Defender Linda Harter appeared specially for Mark Reichel, Esq., for Mr. Reichel's client, defendant Luis Humberto Lopez-Avilez. J. Toney, Esq., appeared with his client, defendant Juan Camacho.

The parties requested that the matter be continued to December 16, 2008, at 9:15 a.m., for further status conference to allow each defense counsel additional time to prepare his respective client's case due to the unusual and complex nature of

this case, especially as it relates to the amount of discovery involved in this court authorized wiretap case. The parties requested and agreed that time from October 21, 2008, to, and including, December 16, 2008, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to Local Codes T2 and T4.

Based on the representations and stipulations of the parties, and good cause appearing therefrom, the Court sets a new status conference hearing on December 16, 2008, at 9:15 a.m. The Court orders that time from October 21, 2008, to, and including, December 16, 2008, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to Local Codes T2 and T4.

The Court continues to affirm its previous finding that this case is unusual and complex, and additionally finds that the failure to grant a continuance in this case would deny each defense counsel reasonable time necessary for effective preparation of his respective client's case, taking into account the exercise of due diligence. The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public and defendants in a speedy trial.

It is so ordered.

Dated: April 21, 2009

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT